634

Herlihy, P. J. (dissenting). As noted by Special Term, the notice of hearing charged a violation of article 12-A of the Real Property Law and the complaint annexed thereto specified fully the facts which were the subject of the hearing and determination of the respondent. The failure of the respondent to specifically include a charge of incompetence does not preclude such a determination. The concept of due process is not violated by virtue of the failure of the respondent to specify in advance that it might find incompetency. The case of *Matter of Wignall* v. *Fletcher* (303 N. Y. 435) involved a deviation from the subject matter of the proceeding and is inapposite. The record supports the determination of incompetency. The determination should be confirmed.

In the Matter of FRANK J. AUGELLO et al., Respondents-Appellants, v. THOMAS F. MCCOY, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant-Respondent, and ANTHONY C. RUSSO, as Acting Commissioner of Labor of the City of New York, Respondent.— SWEENEY, J.

636

Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.

■ SALLY A. W. DAVID, an Infant, by RICHARD WITHERBEE, Her Parent, et al., Respondents, v. HELEN A. GRANGER, Defendant, and LEONARD S. DAVID et al., Appellants. (And Two Other Actions.) — Greenblott, J.